## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.  3:21-cr-16-MMH-JBT

MARION MICHAEL O'STEEN

_____/


# O R D E R

**THIS CAUSE** is before the Court on Defendant Marion Michael
O'Steen's Motion to Sever Counts (Doc. 92; Motion), filed April 1, 2022.  The
government filed a response in opposition to the Motion on April 15, 2022.  See
United States' Memorandum Opposing the Defendant's Motion to Sever Counts
(Doc. 98; Response).  Accordingly, this matter is ripe for review.

## I.     Background

On February 24, 2021, a federal grand jury returned a twelve-count
Indictment (Doc. 1; Indictment) against O'Steen and Defendant Jeffrey Alan
Siegmeister.  In the Indictment, the government alleges that, at the relevant
times, Siegmeister was the elected state attorney for Florida's Third Judicial
Circuit and O'Steen was a defense attorney who represented clients charged by
Siegmeister's office with criminal offenses.  See id. at 1–3.  Count One charges
both Defendants with conspiring to use a facility of commerce for unlawful

activity in violation of 18 U.S.C. § 371.  See Indictment at 1–12.  According to the Indictment, as part of the conspiracy, Siegmeister solicited and accepted bribes from O'Steen and O'Steen's clients in return for favorably disposing of criminal charges against the clients.  See id. at 4–5.  Specifically, the government alleges that "[o]n or about August 23, 2018, Client B delivered $30,000 cash to O'Steen" after O'Steen promised that he could make the criminal charges against Client B "go away."  Id. at 7–10.  The government further alleges that Defendants acted to hide the unlawful purpose and acts committed in furtherance of their conspiracy.  See id. at 5.

Count Two charges Defendants with conspiring to interfere with commerce by extortion in violation of 18 U.S.C. § 1951(a).  See Indictment at 12–13.  Specifically, the government alleges that, from as early as August 9, 2018, through May 16, 2019, Defendants conspired to interfere with commerce by extortion when they "obtained property not due defendants from Client B . . . through the wrongful use of fear of economic harm and under color of official right."  Id. at 13.  Count Three charges Defendants with the substantive offense of interfering with commerce by extortion in violation of 18 U.S.C. § 1951(a).  See Indictment at 13–14.  In support, the government once again asserts that, "at least as early as on or about August 9, 2018, and continuing through on or about May 16, 2019," Defendants interfered with commerce by extortion when

they "obtained property not due defendants from Client B . . . under color of official right and through fear of economic harm." Id. at 14.

Count Four charges O'Steen with willfully failing to report a financial transaction in violation of 31 U.S.C. §§ 5331 and 5322 and 31 C.F.R. § 1010.330(a). See Indictment at 14–15. As to this charge the government alleges that "[o]n or about August 23, 2018," O'Steen "received more than $10,000 in currency in one transaction" and "did willfully fail to file a report, to wit: Form 8300, with the Financial Crimes Enforcement Network, within fifteen days" after receiving the currency. Id. In the Motion, O'Steen asks the Court to sever Count Four of the Indictment from the other charged counts.[1] See Motion at 1.

## II.   Legal Standard

Rule 8(b) of the Federal Rules of Criminal Procedure (Rule(s)) governs joinder of offenses when a single indictment charges multiple defendants.[2] The

---

[1] Counts Five through Twelve of the Indictment charge Siegmeister alone with various offenses. See Indictment at 15–28. The parties do not address these counts in the Motion or the Response because Siegmeister entered a guilty plea on February 22, 2022. See Report and Recommendation Concerning Plea of Guilty (Doc. 80).

[2] In the Motion, O'Steen invokes Rule 8(a). See Motion at 1. Although Rule 8(a), which governs joinder of offenses, might appear to be applicable, "[i]t is well established that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses, whereas Rule 8(b) governs in cases involving multiple defendants." United States v. Kopituk, 690 F.2d 1289, 1312 (11th Cir. 1982). Rule 8(b) is more restrictive than Rule 8(a), as Rule 8(a) permits joinder of claims of "the same or similar character," while Rule 8(b) does not. See Rule 8. "If, contrary to the prevailing practice, both subsections applied to multi-party cases involving multiple counts, then some defendants could be charged with crimes wholly unrelated to the acts or transactions that justified joining the defendants, solely because those unrelated crimes are of a similar character to counts more properly charged." 1A Charles Alan Wright et al., Federal Practice and Procedure Criminal § 145 (5th ed.). Whether proceeding under Rule 8(a) or Rule 8(b), the analysis of the Motion is the same because, as discussed below, the

- 3 -

Rule permits the government to charge two or more defendants in the same indictment

> if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b). The Eleventh Circuit instructs that Rule 8 is to be broadly construed in favor of joinder. See United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000) (citing United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990)). To determine whether initial joinder is proper, a court looks to the allegations on the face of the indictment. Id. at 1238–41. However, a court also may consider the representations of the government supporting joinder where the indictment does not explicitly state the connection between the charges. See id. at 1241–42. "[T]o establish that the [defendants] have engaged in the 'same series of acts or transactions' under Rule 8(b) the government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." United States v. Morales, 868 F.2d 1562, 1569 (11th Cir. 1989). "Joinder is permitted under Rule 8(b) even though not every defendant is

---

offenses charged in the Indictment arise out of the "same series of acts or transactions" and are linked together as part of "a common scheme or plan." Rule 8; see Kopituk, 690 F.2d at 1312 (noting that the analysis under Rule 8(a) and Rule 8(b) is "more or less the same" except for the broader language of "same or similar character" in Rule 8(a)); United States v. Dominguez, 226 F.3d 1235, 1239 & n.4 (11th Cir. 2000) (noting in a case involving a "common scheme or plan" that, "for the purposes of our discussion of Rule 8(a), the governing principles are the same" as Rule 8(b)).

charged with every offense in the indictment," <u>United States v. Dekle</u>, 768 F.2d 1257, 1261 (11th Cir. 1985), and "[e]ach participant need not participate in all acts or even know the other participants' roles in the ventures," <u>United States v. Holloway</u>, 971 F.2d 675, 679 (11th Cir. 1992).

## III.  Analysis

O'Steen argues that Count Four is not properly joined with Counts One through Three under Rule 8(a).[3]  <u>See</u> Motion at 1.  According to O'Steen, Count Four is "not of the same or similar character" as the other charges against him because the "other charges involve bribery and extortion and do not involve a failure to report a financial transaction."  <u>Id.</u>  O'Steen also contends that Count Four is "not in the same act or transaction, nor connected with or [] constitute[s] [a] part of a common scheme or plan in relation to the other charges."  <u>Id.</u> at 1–2.  O'Steen argues that whether he "willfully failed to report the cash transaction has nothing to do with the allegations in counts one through three."  <u>Id.</u> at 2.  In its Response, the government asserts that joinder is proper because "Count Four involves the[] very same events" as Counts One through Three.

---

[3]  Although Rule 14 grants the Court the authority to order separate trials "[i]f the joinder of offenses . . . appears to prejudice a defendant," Rule 14(a), O'Steen cites only to Rule 8(a) in his Motion and does not argue that the joinder will prejudice him, <u>see</u> Motion at 1–2; <u>see also</u> <u>United States v. Walser</u>, 3 F.3d 380, 386 (11th Cir. 1993) (reaffirming that "some prejudice" is not sufficient to mandate severance because the defendant must show "compelling prejudice" (quoting <u>United States v. Harmas</u>, 974 F.2d 1262, 1269 (11th Cir. 1992))).  Therefore, the Court will address only Rule 8.  As explained above, the Court analyzes the Motion under Rule 8(b), but the result would be the same under subsection (a) or (b).

Response at 2, 4.  Specifically, the government argues that "[a]s a result of the conspiracies charged in Counts One and Two and the substantive act of extortion charged in Count Three, Client B provided [O'Steen] with currency— currency which [O'Steen] failed to report, which is the violation alleged in Count Four."  Id. at 4.  According to the government, a separate trial on Count Four would require presenting again the "same evidence" regarding the payment's source (the alleged extortion of Client B) and O'Steen's motive (hiding the income from the extortion).  Id.

Here, the Court finds that joinder is proper under Rule 8(b) because Count Four is based on the "same series of acts or transactions" as Counts One through Three.  Rule 8(b).  The counts are all part of the same series of acts or transactions because "the acts alleged are united by some substantial identity of facts and/or participants."  Morales, 868 F.2d at 1569.  In Morales, federal agents raided an apartment and found cocaine.  See id. at 1566.  During the raid, Morales pointed a firearm at one of the agents.  See id.  Morales and the other occupants of the apartment were charged with possessing cocaine with intent to distribute and with conspiracy to distribute cocaine.  See id.  A separate count of the indictment charged Morales alone with assaulting a federal agent.  See id.  Morales argued that he was improperly joined with the other defendants.  See id. at 1567.  The Eleventh Circuit held that joinder was proper because the assault charge met "the 'same series of acts or transactions'

test of Rule 8(b)." Id. at 1569–70 (quoting Rule 8(b)).  The court noted that the "facts underlying the drug transaction . . . and [the] assault charge . . . are so closely connected that there would be an overlap of proof if the offenses were tried separately."  Id. at 1570.  The court found that this overlap of proof was especially apparent given the government's theory of the case that Morales's role in the drug conspiracy was to protect the cocaine.  See id.

Like the offenses charged in Morales, the offense alleged here in Count Four of the Indictment is united to the acts alleged in Counts One through Three by "some substantial identity of facts and[] participants" because the four counts all involve Client B's payment of money to O'Steen on or about August 23, 2018.  Id. at 1569.  Count One alleges a conspiracy that involved obtaining $30,000 from Client B on or about August 23, 2018.  See Indictment at 1, 5, 9–10.  Counts Two and Three are based on allegations that Defendants extorted property from Client B sometime between August 9, 2018, and May 16, 2019. See id. at 13–14.  And, Count Four alleges that O'Steen received more than $10,000 from Client B on or about August 23, 2018, and willfully failed to report the transaction on Form 8300.  See id. at 14–15.  From the face of the Indictment, it appears that Counts One and Four allege the same payment.  See id. at 9–10, 14–15.  According to the government's representations, Counts Two and Three also "involve[] these very same events."  Response at 2.  Here, as in Morales, the "facts underlying [the counts] are so closely connected that there

would be an overlap of proof if the offenses were tried separately." 868 F.2d at 1570. The overlap of proof for Counts One through Four is especially apparent given the government's theory that O'Steen's motive for willfully failing to report the currency transaction was to hide the income from the conspiracy and his extortion of Client B. See Response at 4; Indictment at 5 (alleging in Count One that "[i]t was a further part of the conspiracy that [Defendants] would and did perform acts . . . to hide and conceal . . . the purposes of the conspiracy and the acts committed in furtherance thereof"); see also United States v. Kopituk, 690 F.2d 1289, 1314 (11th Cir. 1982) (holding that tax offenses were properly joined with non-tax offenses under Rule 8(b) when "the filing of false income tax returns operated to maximize the benefits enjoyed as a result of their participation in the conspiracy and, of course, facilitated their efforts to avoid detection"); Dominguez, 226 F.3d at 1242 (holding that joinder of drug conspiracy charges with mortgage fraud charges was proper under Rule 8(a) when "[c]oncealing income from the drug activity was the motive for the mortgage fraud"). Therefore, because the Court finds that the counts in the Indictment are properly joined under Rule 8, the Motion is due to be denied. Accordingly, it is

**ORDERED:**

Defendant Marion Michael O'Steen's Motion to Sever Counts (Doc. 92) is

**DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida, on April 26, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record